**SO ORDERED.**

**SIGNED this 18 day of February, 2009.**

_____
**Randy D. Doub**
**United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILSON DIVISION

IN RE:                                                                                   CASE NO.

**DANNY RAY JONES,**                                                  08-05174-8-RDD

        **DEBTOR**

### ORDER DENYING MOTION TO SEAL

Pending before the Court is the Motion to Seal filed by Green Tree Servicing, LLC ("Green Tree") on February 3, 2009 (the "Motion"). Green Tree filed Proof of Claim #1 on August 6, 2008 (the "Original Proof of Claim") and a replacement claim on September 30, 2008. No supporting documentation was filed in connection with the replacement claim. Now, more than six months after the Original Proof of Claim was filed, Green Tree requests that the Court, pursuant to FED. R. BANKR. P. 9037, seal the documents attached to the Original Proof of Claim.

FED. R. BANKR. P. 9037(a) provides that a "party or non-party making a filing may include only: (1) the last four digits of the social-security number and taxpayer-identification number; (2) the year of the individual's birth; the minor's initials; and the last four digits of the financial-account number." The attachments to the Original Proof of Claim includes the statement of the Debtor's account, including the full Green Tree account number; two Certificates of Title for the mobile homes; a copy of the Retail Installment Contract, Security Agreement, Waiver of Trial by Jury and Agreement

to Arbitration or Reference or Trial by Judge Alone executed by Danny Ray Jones on February 12, 2000. In addition, attached to the Original Proof of Claim is a letter to Mr. Jones from Green Tree correcting information that was improperly disclosed. None of the documents attached to the Original Proof of Claim provides the Debtor's social security number or his date of birth.

FED. R. BANKR. P. 9037(g) provides that "an entity waives the protection of subdivision (a) as to the entity's own information by filing it without redaction and not under seal." Relying on subsection (g), the Court finds that Green Tree filed the Original Proof of Claim at its own peril. The Advisory Note for the Rule provides that counsel, parties, and others who make filings with the court have the responsibility to file redacted documents. Consequently, the Court finds no basis to support the Motion to seal the Original Proof Claim.

Wherefore, based on FED. R. BANKR. P. 9037(g), the Motion to Seal is **DENIED**.

**SO ORDERED**.

**END OF DOCUMENT**